## George S. Wallace *v.* Ashley Stone.

### *False Representations.   Contract.*

The defendant purchased of the plaintiff a mowing machine in 1862 without seeing it, but relying upon the plaintiff's representations that this machine was a good mower and did its work well.  In 1860 machines of this kind were good mowers and did their work well as compared with other mowing machines at that time to be procured, and were in use among farmers in some towns in New York and Vermont, but not where the defendant resided, and this was a good one of its kind, but in 1862, as compared with other mowers, then to be procured, with reference to draft and quality of work, it was of no value as a mower, and had become superseded by machines of later invention.  *Held,* that the plaintiff was entitled to recover the contract price of the machine.

THIS was an action to recover the contract price of a mowing machine which was referred, and upon the referee's report at the April Term, 1865, BARRETT, J., presiding, the court rendered judgment for the plaintiff.  The facts found by the referee are substantially stated in the opinion of the court.  The defendant excepted to the said judgment.

*Flagg & Son* and *Field & Tyler* for the defendant.

The judgment of the county court was erroneous.  The case reveals all the elements of a fraudulent sale, to wit : (1) The representations made by the plaintiff *"that this kind of mowers were good mowers and would do their work well."*  (2) These representations were false.  (3) The plaintiff knew the representations were false and that the machines *"at that time were of no value as mowers."* (4) These false representations were material ones, forming the inducement of the contract and *"upon all which the defendant relied."* These elements of fraud vitiate the contract.  1 Parsons on Con. 462-3 ; *Howard* v. *Gould,* 28 Vt. 523.  Again, there was *suppressio*

---

---

*veri*, a fraudulent concealment of material facts of which the plaintiff had knowledge, and of which the defendant was ignorant, to wit: that these mowers had passed " *out of use and were of no value for the purposes of a mower.*" And the defendant was in the face of these facts led to make a contract under the delusion " *that these mowers were good mowers and would do their work well.*" And this negative fraud will avoid the contract. 2 Kent's Com. 668 ; 2 Parsons on Con. 274 ; 1 Comyn on Con. 35 ; *Howard* v. *Gould*, 28 Vt. *supra* ; *Paddock* v. *Strobridge*, 29 Vt. 481.

*Chas. N. Davenport*, for the plaintiff, maintained that the referee failed to make out any fraudulent representations, and it is without the province of the supreme court to infer them. *Bond* v. *Clark*, 35 Vt. 577 ; 2 Par. on Con. 268, 275-276.

The opinion of the court was delivered by

PIERPOINT, CH. J. This action was brought to recover the contract price of a mowing machine bought by the defendant of the plaintiff in 1862. The case was referred, and the questions here arise upon the report of the referee. The defendant resisted a recovery before the referee on the ground that the plaintiff, at the time of the sale, made representations as to the qualities of the machine that he knew to be false, and that the defendant relied upon these and was deceived thereby, in making the purchase.

It appears that the machine was one of the kind invented by McNamara, and when the plaintiff sold it to the defendant he represented that it was a " good mower and did its work well."

The referee reports that " prior to 1858 one McNamara invented a mowing machine which in that year he commenced manufacturing at Hoosic, N. Y., and which soon after went into use among the farmers in Hoosic, Cambridge, and White Creek, in New York, and in Bennington, Vermont, and in the vicinity of those places, and that this mower when compared with other mowing machines at that time to be procured, was a good mower and did its work well. It continued in use at those places until about the year 1860, when other mowers which would do better work, with lighter draft, began to be introduced there and gradually superseded it, so that in the year 1862 it was nearly out of use. When compared with the other mowers at that time to be procured, with reference to their draft and the qual-

ity of their work, it was of no value for the purposes of a mower."
No question is made but what the machine sold by the plaintiff to
the defendant was a good machine of its kind. It had been used
some, but that fact the defendant knew when he bought it, and took
it as a " second hand " machine.

The referee does not find expressly that the representation that the
plaintiff made as to the character of the machine was false, neither
has he found facts from which that inference naturally arises, but
rather the reverse. He finds that in 1860 machines of this kind
were good mowers and did their work well.

There is nothing in the report to show why the machine was not
just as good a mower and would not do just as good work in 1862 as
in 1860. The inference is irresistible that such would be the fact,
how then can it be said that the defendant's representation was false?

The referee finds that when compared with other machines of more
modern invention, with reference to their draft and the quality of
their work, this machine was of no value as a mower. But the
defendant made no representation as to the value of the machine or
the quality of its work as compared with other mowers. He did not
represent that it was as good a machine, or would do as good work,
as any other machine that had been invented.

The referee does not find that this machine was of no value, be-
cause it was not a good machine, and would not do good work, but
because other machines had been invented that were better: this
might affect its sale in the market but would not change the quality
of its work. It would be worth just as much upon the farm as it
ever was, and would aid just as much in securing a crop of grass as
though no better machine had ever been invented, and if it was a
valuable aid in 1860 it was just as valuable for the same purpose in
1862, whether it would sell for as much in market or not.

The referee has further found that when the defendant got the
machine home, he had it tried and it did not work well or to his satis-
faction, but he does not find that the failure was the result of any
defect in the machine. Quite likely the fault was in the operator.

No aid can be derived from any conclusions of the referee, as he
did not decide the question, but referred the whole matter to the

county court, who upon the facts found rendered a judgment for the plaintiff.

This construction of the report renders it unnecessary to consider the various other questions that have been discussed in the argument.

Judgment affirmed.